UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| DAP ASPHALT PAVING, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MARTIN MARIETTA AGGREGATES; | ) | |
| JERRY EDWIN TODD WILSON, | ) | Case No. CV416-007 |
| | ) | |
| Defendants. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Interested Party | ) | |

# ORDER

The defendants in this abusive-litigation case move for a stay of proceedings until pending dismissal and remand motions are resolved.[1]

---

[1] For stay motions the moving party must show good cause:

> While motions to stay discovery may be granted pursuant to Rule 26(c), Fed.R.Civ.P., the moving party bears the burden of showing good cause and reasonableness. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla.1997) citing *Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y.1985). A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case. *Id*. In this regard, the Court must take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Feldman, supra*, 176 F.R.D. at 652–53.

*McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). "[T]he Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This

Doc. 18. Plaintiff Douglas Asphalt Paving, Inc. (DAP) sued Martin Marietta Aggregates (MMA) and Jerry Edwin Todd Wilson in a state court case removed to this Court. Doc. 1. DAP raised just one claim: Abusive litigation under O.C.G.A. § 51-7-80, *et seq*. Doc. 1-1. Both defendants now move to dismiss. MMA contends that the § 51-7-80 claim is unripe for want of a favorable final adjudication of the underlying lawsuit on which DAP's § 51-7-80 claim is based. Doc. 5. Wilson also insists he did not receive the required notice under O.C.G.A. § 51-7-84(a). Doc. 4. Those motions (and DAP's remand motion, doc. 25) are before the district judge, while the stay motion is reached here.

The stay motion turns on the strength of DAP's abusive litigation claim. "Any person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) With malice; and (2) Without substantial justification." O.C.G.A. § 51-7-81. A claim is without substantial justification for purposes of an abusive litigation claim if it is "frivolous," "groundless in fact or law," or "vexatious."

---

involves weighing the likely costs and burdens of proceeding with discovery." *Id.* (quotes and cite omitted); *Southern Motors Chevrolet, Inc. v. General Motors, LLC*, No. CV414-152, 2014 WL 5644089 (S.D. Ga. Nov. 4, 2014).

2

O.C.G.A. § 51-7-80(7). Because § 51-7-81 is in derogation of common law, it must be strictly construed. *Petroleum Realty II, LLC v. Morris, Manning & Martin, LLP*, 317 Ga. App. 102, 104 (2012).

Under O.C.G.A. § 51-7-84(a), notice of a § 51-7-80 claim must be by "written notice by registered or certified mail or statutory overnight delivery *or some other means evidencing receipt* by the addressee to any person against whom such injured person intends to assert a claim for abusive litigation. . . .") (emphasis added). That "requirement is expressly made a condition precedent in every claim for abusive litigation, OCGA § 51-7-84. . . ." *Davis v. Wallace*, 310 Ga. App. 340, 346 (2011).[2]

---

[2] Wilson says he received no such notice, doc. 4 at 3, but DAP contends that the statute did "not require [DAP] to sen[d] Wilson a formal correspondence, so long Wilson was provided with demonstrable written notice." Doc. 20 at 3. Discovery, says DAP may well unearth evidence of "some other means evidencing receipt by the addressee to any person against whom such injured person intends to assert a claim for abusive litigation." *Id.* DAP evidently advances a "functional equivalent notice" theory, which the Georgia Court of Appeals has already rejected. *See Sevostiyanova v. Tempest Recovery Servs., Inc.*, 307 Ga. App. 868, 874 (2011) (bankruptcy court's alleged notice to lender under car loan, directing lender to cease collection actions against borrower, was not sufficient to constitute statutory advance notice of borrower's abusive litigation claim, arising from lender's alleged violation of automatic stay imposed in bankruptcy case and lender's pursuit of deficiency judgment against borrower after debt on loan had been discharged by the bankruptcy court).

Finally, "[a]n action or claim under this article requires the final termination of the proceeding in which the alleged abusive litigation occurred and must be brought within one year of the date of final termination." O.C.G.A. § 51-7-84(b); *see also NCI Grp., Inc. v. Cannon Servs., Inc.*, 2009 WL 2411145 at *18 (N.D. Ga. Aug. 4, 2009); *Corey v. Clear Channel Outdoor, Inc.*, 299 Ga. App. 487, 491 (2009) (affirming trial court's dismissal of the defendant's § 51-7-81 counterclaim because it would not be ripe until the conclusion of the appeal).

Opposing the stay motion, DAP does not deny that the underlying action has not been finalized in its favor. As for Wilson's defense, it merely insists that, if permitted discovery, it will succeed in showing that Wilson received the functional equivalent of a § 51-7-84(a) notice. Doc. 27; *see also* doc. 19 (DAP's brief in opposition to MMA's opposition motion); doc. 20 (DAP's brief in opposition to Wilson's dismissal motion).

Upon a preliminary peek, the district judge likely will grant Wilson's dismissal motion, since the abusive litigation statute is construed strictly in Wilson's favor, and constructive notice likely will be found to be insufficient. And it is undisputed that the underlying

litigation has not been finalized. Accordingly, the Court **GRANTS** the defendants' stay motion. Doc. 18.

**SO ORDERED,** this  25th  day of February, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA